IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              No. 2:15-CR-20003

DONALD WAYNE LAMOUREAUX                                                  DEFENDANT

**ORDER**

The Court has received a report and recommendations (Doc. 72) from United States Magistrate Judge Mark E. Ford. Defendant Donald Wayne Lamoureaux has filed objections (Doc. 74). The Court is required to give de novo review only to those portions of a report and recommendations to which a party files objections. 28 U.S.C. § 636(b)(1). Because Defendant's objections appear to be missing pages 9 and 10, however, the Court has reviewed the entire report and recommendations de novo. In addition to the documents filed in this case, the Court has listened to the digital recording of the evidentiary hearing held before the magistrate judge on January 29, 2018, and reviewed the exhibits admitted at that hearing.

On April 26, 2017, Defendant filed a motion to vacate his sentence (Doc. 59) under 28 U.S.C. § 2255. Defendant's motion raises three grounds for relief. Defendant first argues that he received ineffective assistance of counsel when trial counsel failed to investigate Defendant's case and advance a public authority defense, which would have revealed Defendant lacked criminal intent. Defendant then argues that his conditional guilty plea was taken in violation of due process, in that the plea was not knowing and voluntary because the Court did not actively engage Defendant in developing the factual basis and establishing the necessary intent for conviction. Finally, Defendant argues that he received ineffective assistance of appellate counsel because appellate counsel failed to raise the public authority defense and his lack of intent on appeal.

1

In ground one, Defendant claims that he received ineffective assistance of counsel prior to the entry of his guilty plea. Ground one does not set out a viable independent basis for vacating Defendant's sentence. Defendant pled guilty.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollet v. Henderson*, 411 U.S. 258, 268 (1973). Therefore, to the limited extent the report and recommendations addresses ground one as an independent basis for a motion to vacate, the Court declines the report and recommendations.

The magistrate judge's correct analysis of ineffective assistance of counsel in ground one is not wasted effort, however. In ground two, Defendant claims that acceptance of his guilty plea violated his right to due process because the plea was not knowing and voluntary. In evaluating whether a guilty plea entered on the advice of counsel is knowing and voluntary, the Court must determine whether counsel's advice was "within the range of competence demanded of attorneys in criminal cases." *Id.* at 266 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Whether counsel rendered ineffective assistance prior to entry of the plea "may play a part in evaluating the advice rendered by counsel." *Id.* at 267. The Court must also determine whether Defendant's guilty plea was "made with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999) (citation omitted). In addition to showing that counsel's representation fell below an objective standard of reasonableness, Defendant must also show prejudice—that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985).

Here, any advice from counsel that Defendant should plead guilty was well within the range of competence demanded of attorneys in criminal cases. As the magistrate judge determined in analyzing the ineffective assistance of counsel claim in ground one, the type of legal defense Defendant cited in ground one (e.g., public authority, entrapment by estoppel, etc.) was simply inapplicable to Defendant's case. "The public authority defense requires a defendant to show that he was engaged by a government official to participate in a covert activity." *United States v. Parker*, 267 F.3d 839, 843 (8th Cir. 2001). "Entrapment by estoppel arises when a government official tells a defendant that certain conduct is legal, and the defendant commits what otherwise would be a crime in reasonable reliance on the official representation." *Id*. at 844. The evidence is undisputed here. No government official asked Defendant to investigate or engage in a sting operation on the mother and minor child he believed he was communicating with. Rather, those characters were themselves decoys in a law enforcement sting operation.

Defendant's argument that his actions were mandated by statute is similarly unavailing. Although there is no question that Defendant was a mandated reporter under Arkansas's Child Maltreatment Act, that Act requires him only to make a report of suspected maltreatment or abuse. Nowhere does the Act affirmatively direct mandated reporters to unilaterally initiate investigations or conduct sting operations. Finally, assuming Defendant can rely on a statute rather than directives from a government official when making a public authority or entrapment by estoppel defense, the statutes cited by Defendant do not support his defense because he did not learn of their requirements until after conviction. Defendant's actions were entirely unilateral.

The public authority defense and similar defenses were inapplicable, leaving only Defendant's innocent intent argument for consideration by counsel. Defendant does not dispute that he committed the acts set out in the plea agreement. Standing unrebutted, that evidence would

be sufficient for a jury to find beyond a reasonable doubt that Defendant had criminal intent when he committed those acts. Beyond his own word, Defendant had no witnesses or other evidence that he lacked criminal intent when he communicated with the decoy mother about engaging in sexual contact with her minor child and then drove to Missouri. Therefore, the only way for counsel to weaken the Government's case for criminal intent would be for Defendant to testify. Defendant's decision not to testify due to his performance anxiety, or stage fright, made even that evidence unavailable for trial counsel to use.

Because the affirmative defenses Defendant cites were not applicable to his case, it was not objectively unreasonable for counsel to fail to pursue those defenses rather than recommend a guilty plea. Nor was it unreasonable for counsel to advise Defendant to plead guilty, given the strength of the Government's case and the fact that the only evidence Defendant could proffer that he lacked criminal intent was his own testimony and three witnesses who would purportedly have testified about his good character.

> [T]he Sixth Amendment does not require that counsel do what is impossible or unethical. If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade. *See Nickols v. Gagnon*, 454 F.2d 467, 472 (CA7 1971, cert. denied, 408 U.S. 925, 92 S.Ct. 2504, 33 L.Ed.2d 336 (1972). . . . And, of course, even when there is a bona fide defense, counsel may still advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances.

*United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984). Defense counsel's decision not to pursue an inapplicable defense and to advise a conditional guilty plea under these circumstances did not fall below the range of competence demanded of attorneys in criminal cases.

Moving beyond the issue of counsel's reasonable advice, Defendant has not demonstrated that he lacked awareness of the relevant circumstances and likely consequences of his guilty plea. Defendant agrees his plea was voluntary, but argues it was not knowingly and intelligently entered.

In particular, Defendant argues that the Court[1] failed to engage in a meaningful colloquy with Defendant to demonstrate that Defendant acted with the necessary criminal intent.

An accused's "[s]olemn representations in open court [during a change of plea hearing] carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). At the change of plea hearing, Defendant represented to the Court that he understood what was happening in that proceeding, understood the plea agreement, and was satisfied with his counsel, with whom he had reviewed the case and plea agreement. The Court explained the likely consequences of a guilty plea, including imposition of a sentence within the statutory range, the waiver of trial rights, and the preservation of Defendant's right to appeal the Court's order denying his motion to dismiss. The Court explained to Defendant the he could persist in a plea of not guilty and proceed to trial if he so chose. Defendant agreed that he understood these consequences and circumstances, which in turn demonstrates that Defendant understood that he was entering a plea of guilty to a charged crime, for which he would then be sentenced, and was not merely stipulating to certain facts, as he tries to argue on the motion to vacate.

In reciting the elements of the crime to Defendant, the Court then explained:

At trial, the government will be required to prove the essential elements of this charge. This means that the government will be required to prove beyond a reasonable doubt the following elements. Number one, from on or about January 4, 2015, to February 6, 2015, you knowingly used a means or facility of interstate commerce to attempt to persuade, induce, entice, or coerce an individual under the age of 18 to have sexual contact with you. Number two, you believed the intended victim was younger than 18 years of age. And three, if the sexual contact had occurred, you could have been charged with a criminal offense under the laws of Arkansas.

Now, and this is set forth in the Court's ruling, it's not necessary for the government to prove that the intended victim was actually persuaded, induced, enticed, or coerced into making sexual contact with you, but it is necessary for the government to prove that you intended to engage in some form of unlawful sexual activity with

---

[1] Defendant's change of plea hearing was presided over by the undersigned.

> the individual, and knowingly and willfully took some action that was a substantial step toward bringing about or engaging in sexual contact with the intended victim.

(Doc. 53, p.11:1-19). That is, the Court informed Defendant that guilt required proof of criminal intent and proof of a substantial step taken in furtherance of the criminal intent. Defendant thereafter agreed that the Government could prove facts that were more than sufficient to demonstrate Defendant had criminal intent and took steps in furtherance of that intent. For example, Defendant admitted that he and the decoy mother discussed meeting in Missouri for Defendant's stated purpose of bathing, digitally penetrating, and engaging in oral sex with the decoy mother's minor child, and that Defendant thereafter traveled to Missouri as arranged. (Doc. 32, ¶ 3.e). Defendant then entered a plea of guilty. Having listened to the evidentiary hearing, the Court has no doubt that Defendant has the ability to equivocate when describing his own intent or to attempt to clarify or characterize his actions, yet Defendant never made any statement at the change of plea hearing that would lead the Court to believe further inquiry into Defendant's understanding of the proceedings, satisfaction with counsel, understanding of the essential elements of the crime, or actual guilt was necessary.

Defendant was informed of the relevant circumstances and likely consequences of his plea, and of alternative courses open to him. Defendant's argument now that his plea was not voluntary, knowing, and intelligent rings hollow. No relief can be had on ground two of his motion to vacate.

In ground three, Defendant claims that he received ineffective assistance of counsel on appeal because counsel failed to raise the issue of Defendant's innocent intent or his public authority defense. As set out above, the public authority defense and similar defenses are inapplicable to Defendant's case. Counsel is not ineffective in choosing not to raise a frivolous claim on appeal. *Polk County v. Dodson*, 454 U.S. 312, 323 (1981) ("It is the obligation of any lawyer—whether privately retained or publically appointed—not to clog the courts with frivolous

motions or appeals. Dodson has no legitimate complaint that his lawyer refused to do so."); *see also Smith v. Robbins*, 528 U.S. 259, 294 (2000) (citing *Anders v. California*, 386 U.S. 738, 742 (1967) for the proposition that "no one has the right to a wholly frivolous appeal"). Furthermore, in pleading guilty, Defendant stipulated to facts that were sufficient to "clearly demonstrate[] an intent to entice the apparent minor." (Doc. 57-2, p. 3). While he may have raised the possibility of withdrawing his guilty plea with counsel, no motion to withdraw the plea was ever filed before this Court. The issue of innocent intent was not preserved for appeal. *United States v. Steffen*, 641 F.2d 591, 595 (8th Cir. 1981) ("Claims which were not made before the trial court will not be considered for the first time on appeal."). Because Defendant would be able to withdraw his plea and raise his innocent intent defense at trial if his appeal of the Court's order denying Defendant's motion to dismiss the indictment were successful, it was not deficient performance for counsel to press that issue on appeal, rather than to argue lack of criminal intent. *See Gee v. Groose*, 110 F.3d 1346, 1352 (8th Cir. 1997) ("Reasonable appellate strategy requires an attorney to limit the appeal to those issues counsel determines have the highest likelihood of success."). "This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). The magistrate judge correctly analyzed Defendant's third ground and recommended denial of the motion.

The magistrate judge correctly determined that Defendant has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability will issue.

Because appointed counsel has discharged his duties to represent Defendant in this action and the matter is not being certified for appeal, the motion to withdraw as counsel will be granted.

IT IS THEREFORE ORDERED that the report and recommendation (Doc. 72) is ADOPTED IN PART as set forth herein.

IT IS FURTHER ORDERED that Defendant's motion to vacate (Doc. 59) is DENIED. No certificate of appealability shall issue.

IT IS FURTHER ORDERED that the motion to withdraw as counsel (Doc. 75) is GRANTED. Attorney Jess Marvin Honeycutt is withdrawn as counsel, and the Clerk is directed to remove him from the list of attorneys who receive notices of electronic filing in this case.

IT IS SO ORDERED this 10th day of April, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE