UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                      No. 2:15-CR-20003

DONALD WAYNE LAMOUREAUX                                                                 DEFENDANT

**ORDER**

Defendant Donald Wayne Lamoureaux filed a motion (Doc. 88) to set aside the judgment in his case, arguing again that when he was arrested in connection with using a cell phone and computer to entice a minor to engage in sexual activity, he was acting as a mandatory reporter under 34 U.S.C. § 20341 and was immune from criminal prosecution pursuant to 34 U.S.C. § 20342. He concludes that the Court lacked subject matter jurisdiction over any criminal proceedings against him on the basis of this immunity. Although this is a criminal case, Lamoureaux argues that judgment must be set aside under Federal Rule of Civil Procedure 60(b)(4). No response has been filed, but a response is unnecessary. The motion will be denied, either because this is a second or successive habeas appeal over which the Court lacks subject matter jurisdiction or on its merits.

Because Defendant attacks the Court's subject matter jurisdiction, this appears to be a motion made pursuant to 28 U.S.C. § 2255(a), which is the vehicle for moving for sentence to be vacated or set aside on the basis that the Court lacked jurisdiction. Lamoureaux has already pursued one § 2255 motion and has not obtained leave from the Court of Appeals to file a second, as is required by § 2255(h). The Court is without jurisdiction to consider the motion if it is a second § 2255 motion, and it must be denied.

With respect to the merits, if the Court can reach them, it is clear from the face of the

1

statutes that the immunity described in §§ 20341 and 20342 can be lost if the Government rebuts a presumption that a reporter acts in good faith. Because the statutory immunity can be lost, that immunity is a defense, rather than jurisdictional in nature. Defenses may be waived in criminal cases when a voluntary and knowing plea of guilty is entered, as Lamoureaux did in this case. Because the Court did not lack jurisdiction to enter the judgment against Lamoureaux, if the Court has jurisdiction to rule on the merits of the instant motion, it is denied on those merits.

    IT IS SO ORDERED this 18th day of March, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE