UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                                          No. 2:15-CR-20003

DONALD WAYNE LAMOUREAUX                                                       DEFENDANT

## OPINION AND ORDER

Defendant Donald Wayne Lamoureaux, acting pro se, filed several motions (Docs. 102, 103, 104, and 105) that will be denied.

Defendant moves (Doc. 103) the Court to vacate its prior order (Doc. 76) denying Defendant's motion to vacate, and moves (Doc. 102) to amend his motion to vacate under 28 U.S.C. § 2255 to add an independent claim that the Court lacked original jurisdiction to adjudicate the charges alleged in the indictment returned against Defendant, and so his prosecution in this Court was unlawful. Defendant has already appealed that prior order, and received a final decision. The instant motions are an inappropriate vehicle for the relief Defendant requests. Instead, because the motions are premised on Rule 60 and seek either to "add a new ground for relief" or "attack[] the court's previous resolution of a claim on the merits," relief must be sought through a successive § 2255 motion to vacate. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002). For that, Defendant must request permission from the Court of Appeals, and the motions filed in this Court will be denied.

Defendant also moves (Doc. 104) the undersigned to recuse himself from this case on the basis that the outcome of these motions will demonstrate that the undersigned either conducted an unlawful prosecution or was influenced by self-serving motives. The motion will be denied.

Finally, Defendant moves (Doc. 105) for the appointment of counsel. Whether he should

be appointed counsel to pursue his petition for a successive § 2255 motion is a matter for the Court of Appeals to decide, and if he is allowed to do so the matter of appointed counsel in this Court can be considered then. But with the resolution of these motions, there are no pending nonfrivolous claims in this Court and appointment of counsel is unnecessary.

    IT IS THEREFORE ORDERED that Defendant's motions (Docs. 102, 103, 104, and 105) are DENIED.

    IT IS SO ORDERED this 16th day of September, 2021.

                                            /s/ P. K. Holmes, III
                                            P.K. HOLMES, III
                                            U.S. DISTRICT JUDGE