IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                   PLAINTIFF

VS.                              Criminal No. 2:15-cr-20003-PKH-MEF-1

DONALD WAYNE LAMOUREAUX                                                            DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant, Donald Wayne Lamoureaux, has filed a Motion for Leave to Appeal *In Forma Pauperis* (ECF No. 127) from the Court's Order (ECF No. 122) entered on June 28, 2022, dismissing his Motion Requesting Ruling on Unadjudicated Jurisdictional Claims (ECF No. 121). Defendant's Motion for Leave to Appeal *In Forma Pauperis* was referred to the undersigned on August 15, 2022.

As noted in the Court's Order being appealed from, the Defendant previously filed a motion to set aside judgment (ECF No. 88) which raised the same argument addressed in his Motion Requesting Ruling on Unadjudicated Jurisdictional Claims (ECF No. 121), and the Court issued an Order (ECF No. 89) which denied the motion because it was "a second or successive habeas appeal over which the Court lacks subject matter jurisdiction." (ECF No. 122, p. 1). The Court also noted that Defendant has already filed one motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 59), which did not raise Defendant's present argument that he is immune from suit pursuant to 34 U.S.C. § 20341, and that because "Lamoureaux has already pursued one § 2255 motion and has not obtained leave from the Court of Appeals to file a second, as is required by § 2255(h) … [t]he Court is without jurisdiction to consider the motion if it is a second § 2255

motion." (ECF No. 122, p. 1).

Further, the Court's Order being appealed from notes that its prior Order (ECF No. 89) also addressed the merits of Defendant's immunity claim and found (1) that the immunity described in §§ 20341 and 20342 is a defense and is not jurisdictional in nature, and (2) that Defendant waived this defense when he made a voluntary and knowing plea of guilty. (ECF No. 122, pp. 1-2).

Typically, a federal inmate "must challenge a conviction or sentence through a § 2255 motion" to vacate. *Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021) (citing *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)). Defendant has already done so in this case, and in that prior proceeding he did not raise his present argument that he is immune from prosecution under 34 U.S.C. § 20341. Pursuant to § 2255(h), a second or successive motion must be certified by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Defendant's present argument of immunity from prosecution under 34 U.S.C. § 20341 does not fall within either ground provided for in § 2255(h). Defendant has not obtained permission from the Eighth Circuit Court of Appeals to file a second or successive motion under 28 U.S.C. § 2255. Defendant's motion acknowledges that his two prior attempts to challenge the Court's subject matter jurisdiction were both denied as second or successive habeas filings, and that his appeals "were subsequently denied without comment by a panel of the Eighth Circuit as representing requests for a COA." (ECF No. 121, p. 3).

Accordingly, it is recommended that Defendant's Motion for Leave to Appeal *In Forma Pauperis* (ECF No. 127) be **DENIED**.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of August 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE